UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN WOODLAND,

                    Plaintiff,

         v.

RICHARD W. SPENCER,
SECRETARY, DEPARTMENT OF
THE NAVY, AGENCY,

                    Defendant.

CASE NO. 1:18-cv-05835-RBL

ORDER DENYING APPLICATION
TO PROCEED IN FORMA PAUPERIS

DKT. #4

THIS MATTER is before the Court on Plaintiff Kevin Woodland's Motion for Leave to

Proceed *In Forma Pauperis*, supported by his Complaint.

A district court may permit indigent litigants to proceed *in forma pauperis* upon

completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad

discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility

under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is

eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Here, unfortunately, Woodland's application fails in both regards. First, Woodland's Complaint is deficient in several aspects. It fails to identify the source of this Court's jurisdiction and fails to specify the legal foundations for the relief Woodland seeks. In addition, the factual description of Woodland's claims is fragmented and hard to follow. It is hard to tell what exactly

1  happened to Mr. Woodland. Consequently, the Court cannot draw a reasonable inference that the

2  Defendant is at fault. *Iqbal*, 556 U.S. at 678.

3        Second, while the Court is sympathetic to Woodland's circumstances, he has failed to

4  provide evidence of his indigency sufficient to merit leave to proceed *in forma pauperis*. Despite

5  substantial monthly expenses, Woodland and his spouse have received a total of $62,018.39 in

6  the past 12 months, and have $12,177.07 in their accounts. The Court allows litigants to proceed

7  *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing

8  fee. This generally includes incarcerated individuals with no assets and persons who are

9  unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S.

10  Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment

11  and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D.

12  Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant

13  provides monthly payments towards filing fee). It does not include those whose access to the

14  court system is not blocked by their financial constraints, but rather are in a position of having to

15  weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W.*

16  *Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988)

17  (denying petition to proceed IFP because petitioner and his wife had a combined annual income

18  of between $34,000 and $37,000). Woodland has failed to demonstrate a level of economic

19  necessity similar to those who have received IFP status.

20  //

21  //

22  //

23

24

For this reason, Woodland's Motion for Leave to Proceed *in forma pauperis* [Dkt. #4] is DENIED. Woodland shall pay the filing fee or voluntarily dismiss his claims within 21 days of this order. Otherwise, his petition will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 3rd day of December, 2018.

Ronald B. Leighton
United States District Judge